Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6944 | **DATE** | 8/11/2000 |
| **CASE TITLE** | Julie K. Hertzberg vs. SRAM Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. There is no need to repeat the individual rulings contained here. This Court will await the prompt recalculation and resubmission of McCarthy's claim so that an appropriate order can be entered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 1 4 2000 | |
| | Notified counsel by telephone. | | date docketed | 72 |
| | Docketing to mail notices. | ED-T FILED FOR DOCKETING 00 AUG 11 PM 2:54 | docketing deputy initials | |
| | Mail AO 450 form. | | 8/11/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIE K. HERTZBERG,         )
                            )
           Plaintiff,       )
                            )
      v.                    )    No.  96 C 6944
                            )
SRAM CORPORATION,           )
                            )
           Defendant.       )

MEMORANDUM OPINION AND ORDER

This Court has now received the final submissions from the litigants--or more accurately in this instance, from their lawyers--on the disputed issues regarding the award of fees and expenses sought by Suzanne McCarthy ("McCarthy"), one of the two attorneys who represented Julie Hertzberg ("Hertzberg") in her employment discrimination action against SRAM Corporation ("SRAM").[1]  For the reasons stated in this memorandum opinion and order, the contested issues are resolved partly in McCarthy's favor and partly in favor of SRAM.

## Hourly Rate

To begin with, this Court has long held the view that the use of a current hourly rate for all the time spent by a party's lawyer over a period of several years in any matter is an unsatisfactory way to take account of the delay in an end-of-the-

---

[1] Agreement has been reached between SRAM and Hertzberg as to the fees payable by SRAM to McCarthy's co-counsel H. Candace Gorman ("Gorman").

case payment to that lawyer: It sometimes overcompensates the lawyer materially, it sometimes undercompensates the lawyer materially, and it is always a sheer accident if it turns out to provide the economic equivalent of the lawyer's receipt of fees in a normal billing and payment pattern. Instead of the use of such a blunt and error-prone instrument, both sides--a collecting lawyer and a paying defendant--will get more realistic treatment, better simulating the market, by the use of <u>historic</u> reasonable rates for the lawyer's services, together with an appropriate delay factor adjustment.

At one point the commonly employed (though quite arbitrary) use of a current reasonable hourly rate for all of a lawyer's services in a multi-year representation had a decided advantage in terms of sheer convenience in calculation. But even that advantage, such as it was, has now been eliminated by the availability of software that facilitates the more precise type of calculation that has been referred to in the last sentence of the preceding paragraph. At the risk of being thought guilty of unseemly self-praise, this Court refers counsel for the parties to the new book authored by Professor Russell Lovell II of Drake University Law School, entitled <u>Court-Awarded Attorneys' Fees: Examining Issues of Delay, Payment, and Risk</u>, and published this year by the American Bar Association. In his book Professor Lovell draws heavily on some earlier published opinions by this

2

Court in the course of his explaining the reasons for adopting a more accurate approach and in the course of his explaining the methodology to be employed in that respect. Accordingly this Court will require that more accurate approach to be taken here, rather than adopting a flat across-the-board application of today's hourly rates.

To turn to the $350 hourly rate that McCarthy requests in her presentation, some of the factors to which SRAM has pointed in its opposing submission are legitimate objections to that claimed figure as a current number. Although the extent of McCarthy's prior experience is impressive on paper, in some material part it has been derived in somewhat different (though often reasonably related) areas of the law--and importantly, it is also undisputed that this case was her first jury trial. In the course of sitting by designation with the Court of Appeals for the Tenth Circuit some years back, this Court had occasion to opine on similar considerations and to explain why a lawyer's own customary hourly rate does not necessarily set the scale in the particular case under consideration (see Beard v. Teska, 31 F.3d 942, 956-57 (10th Cir. 1994)).

Here the "prevailing market rate" for measuring the value of McCarthy's services was well-demonstrated in this very case by the customary charges made by her co-counsel Gorman: Even though McCarthy may have had a few more years in practice to her credit

than Gorman, that consideration is well balanced by Gorman's greater experience in the field of employment discrimination involved in this case, particularly in the jury trial context. And this Court has had ample opportunity (both in this case and in other cases) to observe Gorman's skills, which compare favorably with McCarthy's as exhibited in this litigation.

On balance, then, this Court approves the application to McCarthy's allowable time <u>in this case</u> of the hourly rates customarily charged by Gorman, rather than the somewhat higher rate contended for by McCarthy. According to Gorman's recently-submitted affidavit, her customary hourly rate is $325 in 2000 and was $315 in 1999. Gorman should promptly provide to this Court (with copies of course being transmitted to McCarthy and SRAM) a statement as to her corresponding hourly rate figures for the years 1996 through 1998, so that the necessary calculation can be made covering all of McCarthy's services from the onset date of October 26, 1995 (1995 was a year during which McCarthy had only three time entries aggregating only a one hour total, so that this Court will use Gorman's 1996 hourly rate for that small amount of time) through March 3, 2000. And to facilitate the required calculation, this Court is prepared to lend for counsel's use the FeeCalc software referred to in Professor Lovell's book--software that he has delivered to this Court on a complimentary basis.

## Reduction from the Lodestar Amount

This Court has reviewed SRAM's contention for an overall 50% reduction from McCarthy's lodestar figure (calculated on the basis of reasonable hourly rates times reasonable hours spent), a contention based on Hertzberg's less-than-complete success in the litigation. There is considerable force to SRAM's argument that Hertzberg did not nearly accomplish the goals that she had set for herself (or that her counsel had set for her), as had been reflected in the parties' jointly proposed Final Pretrial Order. On a number of occasions our Court of Appeals has confirmed such a partial-success scenario as a predicate for a percentage reduction from a lodestar figure--among other cases, see, e.g., Connolly v. National Sch. Bus Serv., Inc., 177 F.3d 593, 597-98 (7th Cir. 1999)(50% reduction); Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 557-59 (7th Cir. 1999)(50% reduction); Merriweather v. Family Dollar Stores of Ind., Inc., 103 F.3d 576, 583-84 (7th Cir. 1996)(10% reduction); Nanetti v. University of Ill. at Chicago, 944 F.2d 1416, 1421 (7th Cir. 1991)(35% reduction)).

In that respect, even SRAM has not sought a mechanical approach that would reduce the fee award proportionately to the amount of Hertzberg's recovery (SRAM Mem. 11, citing Perlman v. Zell, 185 F.3d 850, 859 (7th Cir. 1999)), and there is of course no totally objective formula for quantifying such a percentage

5

reduction. But this Court has dealt intimately with all aspects of this case from the beginning, and its strong sense is that a 50% reduction would be impermissibly Draconian. Instead this Court finds that a 20% reduction from the lodestar figure that will result from the revised calculation called for in this opinion will fairly reflect the strength of each side's arguments on the subject.

## Specific Objections

This Court has also given a careful review, in light of McCarthy's responses, to each of the specific objections voiced by SRAM. It must be acknowledged, of course, that looking at such individual items with hindsight and from the outside (as contrasted with this Court's having had an opportunity, as it did not, to live through them contemporaneously and directly as the time was actually being spent by counsel) is necessarily a difficult task. But in sum this Court finds McCarthy's responses to be substantially more persuasive than SRAM's, with just two exceptions.

First, this Court does not find reasonable McCarthy's May 28, 1997 charge of 10 hours for the activity described in that entry (see SRAM Mem. 7). Instead it agrees with SRAM that 6 hours for the activities described in that time entry represents a generous allowance.

Second, the 56 hours of trial preparation charged by

McCarthy during the October 25 through November 1, 1999 time frame also appear to be excessive (see SRAM Mem. 9). When coupled with Gorman's expenditure of nearly 81 hours during that same time frame, and when compared with an aggregate of less than 90 hours spent by SRAM's attorneys on the same activity during the same time period, the 30 hour allowance proposed by SRAM for McCarthy's time is found to be more than adequate.

Those two adjustments should be made in reduction of McCarthy's total time charges. Although this Court finds it unnecessary to discuss SRAM's other objections, as to each of which it finds McCarthy's responses entirely acceptable, two of those other objections are worth a very brief discussion.

First, SRAM's total objection to the allowance of fees for any services by McCarthy related to anticipated opinion testimony or to expert evaluations (SRAM Mem. 8-9) would improperly substitute a kind of piece-by-piece approach to this litigation instead of viewing it in its totality, as a court should do. Because the ruling that has just been announced in the <u>Reduction from the Lodestar Amount</u> section of this opinion has already taken Hertzberg's partial lack of success into account by imposing an overall 20% reduction, a type of double discounting would be involved if this Court were also to look at various individual time entries to determine whether they should be knocked out on the ground that they related to a phase of the

7

case on which Hertzberg had proved unsuccessful.

Finally, SRAM has objected to Hertzberg's claim for what she has labeled as "non-taxable" expenses. On that score it is quite true that various of the items for which reimbursement is claimed could have been made the subject of a bill of costs under 28 U.S.C. §1920 and this District Court's LR 54.1. But because fee awards in cases such as this one can also encompass out-of-pocket expenses that are <u>not</u> "costs" in the strict legal sense, it would really exalt form over substance for this Court to bar recovery for an item of expense because Hertzberg's counsel has put it into the wrong pigeonhole. And as for the portion of those claimed expenses that relate to the opinion evidence discussed in the preceding paragraph, again it will not do to adopt less than an overall look at the litigation and at Hertzberg as the unquestioned prevailing party.

## Conclusion

There is no need to repeat the individual rulings contained here. This Court will await the prompt recalculation and resubmission of McCarthy's claim so that an appropriate order can be entered.

					_____
					Milton I. Shadur
					Senior United States District Judge

Date: August 11, 2000