Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6944 | **DATE** | 11/14/2000 |
| **CASE TITLE** | Julie K. Hertzberg vs. SRAM Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Leave is granted for plaintiff to file a reply. McCarthy is ordered to prepare a final calculation on the predicate that the judgment order will be entered on November 30, 2000 and to submit it to SRAM's counsel and this Court on or before November 20, 2000. SRAM shall then apprise McCarthy and this Court on or before November 27 as to whether that calculation conforms to this Court's August Order and this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 15 2000 date docketed | |
| | Notified counsel by telephone. | | 84 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 11/14/2000 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SN courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

ED-7
FILED FOR DOCKETING
00 NOV 14 PM 3:56

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIE K. HERTZBERG,           )
                              )
            Plaintiff,        )
                              )
     v.                       )     No. 96 C 6944
                              )
SRAM CORPORATION,             )
                              )
            Defendant.        )

MEMORANDUM OPINION AND ORDER

In the most recent scene of the overly-long-running drama involving the award of attorneys' fees and costs to prevailing plaintiff Julie Hertzberg ("Hertzberg") in this employment discrimination action, losing defendant SRAM Corporation ("SRAM") has filed its statement of objections ("Objections") to the revised calculation that had ultimately been tendered by Hertzberg's attorney Suzanne McCarthy ("McCarthy"). McCarthy has tendered a proposed reply to those objections with commendable promptness, and leave is granted to file that reply. In a further effort to get this issue resolved once and for all, this Court hastens to address SRAM's stated objections and McCarthy's reply.

First, SRAM is correct in stating (Objections at 2) that it was initially unclear whether McCarthy had reflected the reduction in hours that this Court found called for in its August 11, 2000 memorandum opinion and order ("August Order"). McCarthy's Reply at 2 and Reply Ex. 1 have provided an appro-



priate explanation, and no change is needed.

Next SRAM advances a true nit questioning an hour (more or less) of paralegal time. That is scarcely worth the time taken to have mentioned it, let alone this Court's having to address it. But the Hertzberg Reply at 3 has provided a satisfactory explanation in any event.

SRAM's next challenge has merit: It is indeed the prime rate rather than prime plus 1% that should apply to compensate for the loss of use of money sustained by McCarthy as Hertzberg's lawyer. McCarthy's further (and, it is to be expected, final) submission should be limited to using that rate.

Next SRAM quarrels with the application of that delay factor all the way up to the date of this Court's ultimate order that will confirm the fee award. But SRAM does not explain why it should get what amounts to a windfall by having the benefit of the use of the money after (1) the date of the underlying merits judgment or (2) the date of the August Order and before the date of the award. Although the quantification of the award has not yet been completed, the fact remains that Hertzberg and her attorney McCarthy continue to be deprived of funds rightfully belonging to them. SRAM's continued reference to "prejudgment interest" mischaracterizes the reason that the use of attorneys' historical hourly rates rather than their current rates in making an award must also be accompanied by taking account of the delays

2

in payment of their fee entitlements.

As for SRAM's next challenge (Objections at 4), fairness does call for a very modest reduction (not the 25% sought by SRAM) in Hertzberg's supplemental petition dealing with time spent in litigating the attorneys' fee issue. Because both parties were partially successful in that litigation (although Hertzberg was successful for the most part), McCarthy is directed to reduce the supplemental fees (but not the out-of-pocket costs) by the time charge for two hours (see In re Burlington Northern, Inc., 832 F.2d 430, 433-34 (7th Cir. 1987)).

But that same analysis does not call for rejecting the two hours of time that McCarthy spent on September 4, 2000 in reviewing the August Order and preparing new calculations (Objections at 4). Hertzberg and McCarthy prevailed in principal part the first time around, and that minimal amount of time had to be spent (and was thus reasonable) in any event. As with SRAM's cavil at the minuscule increment in paralegal time referred to earlier, SRAM's counsel have either never heard of the maxim de minimis non curat lex or, having heard of it, prefer to disregard it by wasting their time (and McCarthy's and this Court's) with such trivia. Moreover, Hertzberg Reply at 2 has correctly identified the economy with which McCarthy has accomplished her task.

Lastly, this Court like SRAM was puzzled by the "Detail of

Office Expense": expenses that form part of McCarthy's most recent submission (Objections at 5). McCarthy's further explanation in Reply at 6 and Reply Exs. 2 and 3 has cleared that up satisfactorily.

In summary, only two adjustments are required to meet SRAM's legitimate Objections:

1. In terms of the rate to be used to compensate for delay in payment, the prime rate will apply.

2. Two hours of McCarthy's time are to be deleted from the total time charges.

Because the delay factor should apply up to the date of the judgment order award of fees and expenses, McCarthy is ordered to prepare a final calculation on the predicate that the judgment order will be entered on November 30, 2000 and to submit it to SRAM's counsel and this Court on or before November 20. SRAM shall then apprise McCarthy and this Court on or before November 27 as to whether that calculation conforms to this Court's August Order and this order.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: November 14, 2000